J-S62034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ASIA MARIE HARPER | |
| Appellant | No. 60 MDA 2016 |

Appeal from the PCRA Order December 7, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000662-2013

BEFORE:  GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:               **FILED OCTOBER 06, 2016**

Appellant, Asia Marie Harper, appeals from the order entered in the Dauphin County Court of Common Pleas, which dismissed her first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. On November 5, 2012, Appellant and her boyfriend ("Victim") had an argument.  During the verbal altercation, Appellant stabbed Victim seven times with a knife.  The Commonwealth subsequently charged Appellant with attempted homicide, aggravated assault, terroristic threats, and recklessly

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

endangering another person ("REAP"). Appellant entered a negotiated guilty plea on January 9, 2014. Pursuant to the terms of the plea agreement, the Commonwealth would withdraw the attempted homicide charge, and Appellant would plead guilty to the remaining offenses in exchange for a sentence of 5-15 years' imprisonment. Appellant completed a written guilty plea colloquy detailing the terms of the parties' agreement and the court performed an on-the-record plea colloquy. After confirming Appellant's plea was knowing, intelligent, and voluntary, the court accepted the plea and imposed the negotiated sentence of an aggregate 5-15 years' imprisonment.[2] Appellant did not file post-sentence motions or a direct appeal.

On December 8, 2014, Appellant timely filed a *pro se* PCRA petition alleging, *inter alia*, plea counsel was ineffective for coercing Appellant to plead guilty and failing to file a requested direct appeal on Appellant's behalf. The court appointed counsel on February 6, 2015, who filed an amended PCRA petition. The court held a PCRA hearing on July 20, 2015, which was mostly limited to exploring whether Appellant had asked plea counsel to file a direct appeal. Plea counsel testified at the hearing that Appellant did not ask him to file a direct appeal on her behalf. Plea counsel

_____

[2] The court sentenced Appellant to 5-15 years' imprisonment for aggravated assault, and imposed concurrent terms of 1-2 years' imprisonment for terroristic threats and REAP.

said he would have filed an appeal for Appellant if she had asked him to do so, even if counsel believed an appeal would lack merit. Plea counsel admitted he received a letter from the Office of Disciplinary Counsel on February 10, 2014 (two days after Appellant's appeal period had expired), containing a complaint from Appellant stating she wanted to withdraw her guilty plea and proceed to trial. Plea counsel maintained he was unaware Appellant wanted to withdraw her guilty plea until he received that letter. The Office of Disciplinary Counsel asked plea counsel to communicate with Appellant about the status of her case. Plea counsel complied.

Appellant testified at the hearing that plea counsel coerced her to accept the negotiated guilty plea of 5-15 years' imprisonment by stating Appellant would receive 20-40 years' imprisonment if she did not plead guilty. Appellant claimed she mailed plea counsel a letter on January 13, 2014 (four days after she pled guilty) asking counsel to file a direct appeal on her behalf. Appellant admitted she did not have a copy of the letter. Appellant insisted her mother also called plea counsel multiple times asking counsel to file an appeal on Appellant's behalf. Appellant claimed she contacted the Office of Disciplinary Counsel when plea counsel did not respond to her January 13, 2014 letter.

On November 9, 2015, the court issued notice of its intent to dismiss the petition without any further proceedings pursuant to Pa.R.Crim.P. 907. Appellant responded on November 27, 2015. On December 7, 2015, the

court denied PCRA relief. Appellant timely filed a notice of appeal on January 6, 2016. On February 4, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Counsel filed, on February 24, 2016, a statement of intent to file a "no-merit" brief pursuant to Pa.R.A.P. 1925(c)(4).

Preliminarily, appellate counsel has filed a **Turner**/**Finley**[3] brief and motion to withdraw as counsel. Before counsel can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file a "no-merit" brief or letter pursuant to **Turner** and **Finley**. **Commonwealth v. Karanicolas**, 836 A.2d 940 (Pa.Super. 2003).

> [C]ounsel must…submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and motion to withdraw and advise petitioner of her right to proceed *pro se* or with privately retained counsel. **Id.** "Substantial compliance with these requirements will satisfy the criteria." **Karanicolas, supra** at 947.

Instantly, appellate counsel filed a motion to withdraw as counsel and

---

[3] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

a **Turner**/**Finley**[4] brief detailing the nature of counsel's review and explaining why Appellant's issues lack merit. Counsel's brief also demonstrates she reviewed the certified record and found no meritorious issues for appeal. Counsel notified Appellant of counsel's request to withdraw and advised Appellant regarding her rights. Thus, counsel substantially complied with the **Turner**/**Finley** requirements. **See Wrecks, supra**; **Karanicolas, supra**.

Appellant raises the following issues in the brief filed on appeal:[5]

> WHETHER [PLEA] COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE AN APPEAL ON APPELLANT'S BEHALF?
>
> WHETHER THE PCRA COURT ERRED BY DISMISSING APPELLANT'S PCRA PETITION?
>
> WHETHER APPELLANT'S GUILTY PLEA WAS UNLAWFULLY INDUCED?

(**Turner**/**Finley** Brief at 5).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination

---

[4] Counsel incorrectly designated her brief as one per **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which applies to attorneys seeking to withdraw representation on direct appeal. We can accept counsel's filing in this case as a **Turner**/**Finley** brief. **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004), *appeal denied*, 584 Pa. 691, 882 A.2d 477 (2005) (stating Superior Court can accept **Anders** brief in *lieu* of **Turner**/**Finley** brief, where PCRA counsel seeks to withdraw on appeal).

[5] For purposes of disposition, we have reordered Appellant's issues.

and whether the court's decision is free of legal error. **Commonwealth v. Ford**, 947 A.2d 1251, 1252 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. **Commonwealth v. Knighten**, 742 A.2d 679, 682 (Pa.Super. 1999), *appeal denied*, 563 Pa. 659, 759 A.2d 383 (2000).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Richard A. Lewis, we conclude Appellant's first and second issues merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of those questions.[6] (**See** Memorandum Opinion and Order, filed November 9, 2015, at 3-4) (finding: plea counsel's testimony was credible that he received no contact from Appellant following entry of her negotiated guilty plea; plea counsel did not receive copy of letter Appellant had sent to Office of Disciplinary counsel until after time to file direct appeal on Appellant's

---

[6] In her second issue, Appellant complains the court should not have denied PCRA relief given her testimony that she asked plea counsel to file a direct appeal and her production of a copy of the letter she sent to the Office of Disciplinary Counsel. We will not disturb the court's credibility determination in favor of plea counsel. **See Knighten, supra**.

behalf had expired; Appellant failed to prove she asked counsel to file direct appeal; thus, Appellant's ineffectiveness claim fails). Therefore, we affirm Appellant's first and second issues on the basis of the PCRA court's opinion.

In her third issue, Appellant argues plea counsel pressured her to plead guilty by telling her she could face a sentence of 20-40 years' imprisonment if she did not accept the plea bargain. Appellant asserts that she asked the court, following the entry of her plea, why the court could not impose a maximum 10-year sentence. Appellant claims her question demonstrates she did not understand the nature of the parties' agreement. Appellant contends she was unaware of the consequences of pleading guilty. Appellant insists plea counsel failed to investigate the history between Appellant and Victim and ignored Appellant's complaints that Victim had abused Appellant in the past. Appellant insists plea counsel refused to argue Appellant's innocence. Appellant concludes plea counsel induced her to enter an unlawful guilty plea, and this Court must reverse the order denying PCRA relief and allow Appellant to withdraw her guilty plea. We disagree.

The law presumes counsel has rendered effective assistance. *Commonwealth v. Gonzalez*, 858 A.2d 1219, 1222 (Pa.Super. 2004), *appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005). To prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-

determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Turetsky***, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable strategic basis for his action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Id.*** at 880. "The petitioner bears the burden of proving all three prongs of the test." ***Id.***

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Commonwealth v. Moser***, 921 A.2d 526, 531 (Pa.Super. 2007) (quoting ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa.Super. 2002)). "Where the defendant enters [her] plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Moser, supra***. Pennsylvania law does not require the defendant to "be pleased with the outcome of [her] decision to enter a plea of guilty[; a]ll that is required is that [her] decision to plead guilty be knowingly, voluntarily and intelligently made." ***Id.*** at 528-29. A guilty plea will be deemed valid if the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of her plea such that she knowingly and

intelligently entered the plea of her own accord. ***Commonwealth v. Fluharty***, 632 A.2d 312 (Pa.Super. 1993). Further, a defendant who decides to plead guilty is bound by the statements she makes while under oath and may not later assert grounds for withdrawing her plea which contradict statements she made during the plea colloquy. ***Commonwealth v. Pollard***, 832 A.2d 517 (Pa.Super. 2003).

Instantly, the Commonwealth initially charged Appellant with attempted homicide, aggravated assault, terroristic threats, and REAP, in connection with Appellant's attack on her boyfriend in which she stabbed him with a knife seven times. Plea counsel met with Appellant several times, during which they discussed whether Appellant should enter a guilty plea.[7] After multiple negotiations with the Commonwealth, plea counsel was able to secure what he deemed "a very good deal for [Appellant], given the allegation of her offenses." (N.T. PCRA Hearing, 7/20/15, at 7-8). Pursuant to the terms of the agreement, the Commonwealth would withdraw the attempted homicide charge, and Appellant would plead guilty to the remaining offenses in exchange for an agreed-upon sentence of 5-15 years' imprisonment.

On January 9, 2014, Appellant completed a written guilty plea colloquy

_____

[7] Appellant testified at the PCRA hearing that plea counsel met with her approximately three times. Plea counsel testified he met with Appellant at least a half a dozen times, if not more.

confirming the terms of the parties' agreement. The court performed an on-the-record plea colloquy that day, at the beginning of which the prosecutor set forth the terms of the parties' agreement. Appellant confirmed the prosecutor's recitation of those terms was consistent with Appellant's understanding of their agreement. Appellant agreed she had reviewed the written plea colloquy with counsel, signed it, and affirmed she understood everything that was within the document.[8] Appellant acknowledged she would forgo certain constitutional rights in exchange for her guilty plea and her appellate rights would be limited as a result of her plea. The prosecutor then explained the factual basis for Appellant's guilty plea. Following recitation of the facts, Appellant said she wanted to plead guilty to the charges of aggravated assault, terroristic threats, and REAP. After confirming Appellant's plea was knowing, intelligent, and voluntary, the court accepted the plea and imposed the negotiated sentence of an aggregate 5-15 years' imprisonment. At the conclusion of the hearing, Appellant had the following exchange with the court:

> THE COURT: [Appellant], anything you want to say? You don't have to. You have that right to do that.
>
> [APPELLANT]: No, sir. I was just kind of wondering why it had to be a 5 to 15 and not just a 5 to 10.
>
> THE COURT: Well, you just pled guilty to the 5 to 15.

---

[8] Appellant's written plea colloquy includes a statement that expressed Appellant's satisfaction with counsel's representation.

[APPELLANT]: I know. No, I don't have anything else to say.

(N.T. Guilty Plea/Sentencing Hearing, 1/9/14, at 6).

The record makes clear Appellant understood the terms of the parties' negotiated plea agreement. We reject Appellant's contention that her comment to the court at the conclusion of her guilty plea hearing indicates she did not understand the parties' plea agreement. Appellant faced serious charges carrying substantial sentences as a result of her actions. Plea counsel's statement that Appellant could face 20-40 years' imprisonment if she proceeded to trial was an accurate statement of law. *See* 18 Pa.C.S.A. § 1102(c) (explaining person who has been convicted of attempted murder where serious bodily injury results may be sentenced to term of imprisonment which shall be fixed by court at not more than 40 years).

Additionally, the record belies Appellant's assertion that plea counsel ignored her complaints of Victim's past abuse. Plea counsel testified at the PCRA hearing that he was aware of the abusive relationship between Appellant and Victim and that the Commonwealth considered the abuse in formulating the terms of the plea agreement. Significantly, Appellant does not allege her actions on the night in question were in self-defense. Quite simply, nothing in the record supports Appellant's claim that plea counsel coerced her to plead guilty. Rather, the record shows plea counsel believed the negotiated plea agreement would best serve Appellant's interests under

the circumstances, and Appellant knowingly, intelligently, and voluntarily heeded counsel's advice. **See Moser, supra**; **Pollard, supra**; **Fluharty, supra**. Thus, Appellant's third issue merits no relief. Following our independent examination of the record, we conclude the appeal is frivolous and affirm; we grant counsel's petition to withdraw.

Order affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/6/2016

COMMONWEALTH OF PENNSYLVANIA     : IN THE COURT OF COMMON PLEAS
    : DAUPHIN COUNTY, PENNSYLVANIA
    : NO. 662 CR 2013
        v.                       :
    : SUPERIOR COURT DOCKET NO.
    : 60 MDA 2016
    :
    : CHARGES:  Aggravated Assault;
ASIA M. HARPER                   : Terroristic Threats;
    : Recklessly Endangering Another Person

## TRIAL COURT OPINION

This appeal follows the denial of request for relief under the Post Conviction Relief Act by Final Order entered December 7, 2015.

We set forth the reasons for our denial in our Memorandum Opinion filed November 9, 2015, a copy of which we attach hereto for ease of reference. For all of those reasons, the Final Order of December 7, 2015 should be affirmed.

BY THE COURT:

RICHARD A. LEWIS
PRESIDENT JUDGE

March 2, 2016

**Distribution:**
**Dauphin County District Attorney's Office** *to*
**Jennifer E. Tobias, Esq., P.O. Box 365, Stewartstown, PA 17363** *mail*
**Asia Harper, OV-2096, P.O. Box 180, Muncy, PA 17756** *mail*

*Superior Court* x

*COC*

35-5

ORIGINAL

COMMONWEALTH OF PENNSYLVANIA

v.

ASIA M. HARPER

: IN THE COURT OF COMMON PLEAS
: DAUPHIN COUNTY, PENNSYLVANIA
:
:
: NO. 662 CR 2013
:
:
: CHARGES: Aggravated Assault;
: Terroristic Threats;
: Recklessly Endangering Another Person

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on the Petition for Relief Pursuant to the Post Conviction Relief Act ("PCRA") on behalf of Asia Harper ("Defendant"). For the reasons set forth, we apprise Defendant of our INTENT TO DISMISS PCRA.

## PROCEDURAL HISTORY

On January 9, 2014, Defendant plead guilty to Aggravated Assault, Terroristic Threats, and Recklessly Endangering Another Person[1]. The court imposed a sentence of not less than 5 nor more than 15 years imprisonment.

On December 8, 2014, Defendant filed a *pro se* PCRA petition in which she asserted that her pleas counsel, Attorney William Shreve was ineffective in allegedly coercing her to take a guilty plea and failing to file an appeal. The Court appointed Attorney Jennifer Tobias as PCRA counsel.

On April 16, 2015, Ms. Tobias filed a counseled PCRA Petition. In the Petition, Ms. Tobias reviewed Defendant's *pro se* claim that Mr. Shreve unlawfully induced her to plead guilty. Ms.

---

[1] 18 Pa.C.S.A. §§ 2702(A)(1), 2706(A)(1), and 2705, respectively. The Commonwealth withdrew the charge of Attempted Criminal Homicide.

1

Tobias concluded that the claim of ineffectiveness related to Defendant's guilty plea lacked merit. (PCRA Petition, April 4, 2015, para. 8-9).

As to the allegation that Mr. Shreve's failed to file a requested appeal, the counseled Petition requested an evidentiary hearing to address whether Defendant made a timely request that Mr. Shreve do so.

The PCRA court conducted an evidentiary hearing on July 20, 2015. At the evidentiary hearing, Mr. Shreve testified that Defendant never requested that he file an appeal. (Transcript of Proceedings, PCRA Hearing, July 20, 2015, p. 5). He testified that he first became aware of the Defendant's desire to change her plea by way of a letter he received not from Defendant but from the Office of Disciplinary Counsel on February 10, 2014. In that letter, Defendant complained that Mr. Shreve failed to file a direct appeal from her negotiated plea agreement. *Id.* Mr. Shreve received a copy of that letter beyond the 30 day period within which to seek withdrawal or appeal. *Id.*, pp. 5-6.

Mr. Shreve testified that he had no communication with Defendant after the entry of the guilty plea on January 9, 2014. *Id.* Further, he testified that he believed Defendant entered a knowing and intelligent guilty plea and that he saw no meritorious basis on which to seek withdrawal of the guilty plea. (N.T. at 9). Mr. Shreve testified nevertheless, had he received a timely request from Defendant to do so, he would have filed an appeal . *Id.*

Defendant testified that on January 13, 2014, four days after pleading guilty, she mailed a letter to Mr. Shreve in which she stated her desire to appeal based upon an allegation that Mr. Shreve failed to properly investigate the case and did not care about her guilt or innocence. *Id.*, pp. 12-13. Defendant acknowledged that she did not have a copy of that letter. *Id.* Defendant

2

acknowledged that the letter to the Office of Disciplinary Counsel constituted the only proof that she requested an appeal. *Id.*, p.18.

## DISCUSSION

Because we find that Defendant did not timely apprise her counsel of a desire to appeal the entry of her guilty plea and therefore no ineffectiveness occurred in counsel's refraining from filing an appeal.

In order to prove ineffective assistance of counsel for a failure to appeal, a defendant must prove that they notified their attorney of a desire to appeal. "[B]efore a court will find ineffectiveness of trial counsel for failing to file a direct appeal, Appellant must prove that he requested an appeal and that counsel disregarded this request." *Commonwealth. v. Harmon*, 738 A.2d 1023, 1024 (Pa. Super. Ct. 1999). "It is the client's obligation to affirmatively tell the lawyer that he wants to appeal, not the lawyer's burden to ask if the client is no longer satisfied with the negotiations." *Commonwealth v. Maynard,* 900 A.2d 395, 396 (2006). Further, a "[m]ere allegation will not suffice; the burden is on Appellant to plead and prove that his request for an appeal was ignored or rejected by trial counsel." *Harmon,* 738 A.2d at 1024 (citing *Commonwealth v. Collins,* 546 Pa. 616, 622, 687 A.2d 1112, 1115 (1996); *Commonwealth v. Fanase,* 446 Pa.Super. 654, 667 A.2d 1166, 1169 (1995)). Further, credibility determinations are a matter for the PCRA Court. *See, e.g. Commonwealth v. Jones,* 590 PA. 202, 912 A.2d 268 (2006).

In the instant case, we find that Defendant failed to prove that counsel ignored a request to appeal. We find credible Mr. Shreve's testimony that he received no contact from Defendant

3

after entry of the plea. Rather, Mr. Shreve received a copy of the letter Defendant directed to the Office of Disciplinary Counsel only after the expiration of the appeal period.

Because we find that Defendant made no timely request that Mr. Shreve file an appeal, we need not address whether any basis existed on which Defendant could withdraw her guilty plea.

For all of the foregoing reasons, we enter the following:

## **ORDER**

AND NOW, this 6th day of November, 2015, it is hereby **ORDERED** that:

We find that no genuine issues of fact exist and no purpose could be served by further proceedings. We apprise Defendant of our INTENT TO DISMISS PCRA.

If no objections to the NOTICE OF INTENT TO DISMISS PCRA within *twenty days* of the receipt of this ORDER, the Court will enter a FINAL ORDER dismissing the PCRA.

BY THE COURT:

RICHARD A. LEWIS
PRESIDENT JUDGE

Distribution:
Dauphin County Office of the District Attorney
Jennifer E. Tobias, Esq., P.O. Box 365, Stewartstown PA 17363
Asia Harper, OV-2096, P.O. Box 180, Muncy, PA 17756 *via certified mail, return receipt requested*

4